BRIAN D. GEE (SB#181097)
Brian.Gee@nlrb.gov
STEVEN D. WYLLIE (SB#161752)
Steven.Wyllie@nlrb.gov
JUAN CARLOS GONZALEZ (SB#280446)
Carlos.Gonzalez@nlrb.gov
AMANDA W. LAUFER (SB#295190)
Amanda.Laufer@nlrb.gov
National Labor Relations Board
Region 31
11500 W. Olympic Blvd., Suite 600
Los Angeles, CA  90064
Telephone: (310) 235-7351
Facsimile: (310) 235-7420

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORI RUBIN, Regional Director of Region 31 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>HOSPITAL OF BARSTOW, INC., D/B/A BARSTOW COMMUNITY HOSPITAL,<br><br>　　　　　　Respondent. | Case No. 5:16-cv-01600-CAS(DTBx)<br><br>[PROPOSED] ORDER GRANTING TEMPORARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT<br><br>Judge: Hon. Christina A. Snyder<br>Date: August 29, 2016<br>Time: 10:00 a.m.<br>Courtroom:  5 |

**THIS MATTER came before the Court** on the verified petition of Mori Rubin, Regional Director of Region 31 of the National Labor Relations Board, herein the Board, for a temporary injunction pursuant to Section 10(j) of the

National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(j)], herein the Act, pending the final disposition of the matters involved herein which are now pending litigation before an Administrative Law Judge of the Board. The Court, upon consideration of the pleadings, evidence, briefs, arguments of counsel, and the entire record in this case, has made and filed its Findings of Fact and Conclusions of Law, finding and concluding that Petitioner is likely to successfully establish before the Board that Respondent Hospital of Barstow, Inc., d/b/a Barstow Community Hospital has engaged in and is engaging in acts and conduct in violation of Section 8(a)(1) and (5) of the Act [29 U.S.C. § 158(a)(1) and (5)], affecting commerce within the meaning of Section 2(6) and (7) of the Act [29 U.S.C. § 152(6) and (7)], and that such acts and conduct will likely be repeated or continue unless enjoined.

Now, therefore, upon the entire record, it is:

ORDERED, ADJUDGED, AND DECREED that, pending the final disposition of the matters at issue before the Board, an injunction issue enjoining, restraining, ordering, and directing Respondent, its officers, agents, successors, assigns, and all persons acting in concert or participation with it to:

1. Cease and desist from:

    (a)    Refusing to bargain in good faith with the Union as the exclusive collective-bargaining representative of employees in the Unit;

    (b)    Changing the terms and conditions of employment of the Unit or announcing such changes without prior notice to the Union or without affording the Union an opportunity to bargain with Respondent with respect to these changes;

    (c)    Refusing to provide the Union with information it requested that is relevant and necessary to its role as the exclusive collective-bargaining representative of the Unit; and

   (d) In any other manner, interfering with, restraining or coercing its employees in the exercise of the rights guaranteed to them by Section 7 of the Act.

2. Take the following affirmative action:

   (a) On request, bargain in good faith with the Union as the exclusive collective bargaining representative of employees in the Unit concerning wages, hours and terms and conditions of employment, and put in writing and sign any agreement reached;

   (b) Furnish the Union with the information it requested concerning information identified in requests made on the following dates: (i) June 16, 2014; (ii) July 24, 2014; (iii) August 2, 2014; (iv) November 26, 2014; (v) December 10, 2014; (vi) January 20, 2015; (vii) July 23, 2015; (viii) August 6, 2015; and (ix) August 14, 2015;

   (c) Upon request from the Union, bargain in good faith with the Union regarding nurses' 2015 wage increases and put in writing and sign any agreement reached;

   (d) Upon request from the Union, rescind the requirement that nurses in the ICU electronically chart patient head-to-toe assessments every four hours per patient;

   (e) Upon request from the Union, rescind the new practice and/or policy of disciplining nurses for working past their scheduled work hours;

   (f) Rescind the disciplines issued to nurses for working past their scheduled work hours;

   (g) Within ten (10) days of the District Court's Order, hold a mandatory meeting or meetings at Respondent's facility, scheduled to ensure the widest possible audience during working time, at which a responsible management official shall read to employees, or at Respondent's option, a Board Agent shall read in the presence of a responsible management official, the District Court's Order;

(h) Within five (5) days of issuance of the District Court's Order, post copies of the District Court's Order in all locations where other notices to employees are customarily posted, maintain these postings during the Board's administrative process free from all obstructions and defacement and grant to agents of the Board reasonable access to these facilities in order to maintain compliance with the posting requirements; and

(i) Within twenty (20) days of the issuance of the District Court's Order, file with the Court and serve a copy upon the Regional Director of Region 31 of the Board a sworn affidavit from a responsible official of Respondent setting forth with specificity the manner in which Respondent has complied with the terms of the Court's Order, including how and when it posted the documents required by the Order.

IT IS FURTHER ORDERED that this case shall remain on the docket of this Court. On compliance by Respondent with its obligations undertaken hereto and upon disposition of the matters pending before the Board, the Petitioner shall cause this proceeding to be dismissed.

IT IS SO ORDERED.

Dated at Los Angeles, California, this 29th day of August, 2016.

*Christina A. Snyder*

HON. CHRISTINA A. SNYDER
United States District Court Judge